UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Dylan Adrian Day,

        Defendant.

**ORDER ON REPORT AND RECOMMENDATION**
Criminal No.  22-339(2) ADM/DJF

---

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Charles F. Clippert, Esq., Clippert Law Firm, St. Paul, MN, on behalf of Defendant.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a r ruling on Defendant Dylan Adrian Day's ("Day") Objection [Docket No. 135] to Magistrate Judge Dulce J. Foster's November 6, 2023 Report and Recommendation [Docket No. 131] ("R&R").  In the R&R, Judge Foster recommends denying Day's Motion for Suppression of Evidence [Docket No. 88].  After a de novo review of the record, and for the reasons stated below, Day's Objection is overruled and Judge Foster's R&R is adopted.

## II.  BACKGROUND[1]

Day is charged with conspiracy to distribute methamphetamine and fentanyl, aiding and abetting distribution of methamphetamine, distribution of fentanyl, and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.

---

[1] The factual background of this case is more fully set forth in the R&R and is incorporated by reference.

See generally Indictment [Docket No. 1]. He moves to suppress evidence seized during the execution of a search warrant on July 6, 2022 at his apartment in Saint Cloud, Minnesota. Day argues that the affidavit supporting the search warrant lacked probable cause for the search because the affidavit did not establish a sufficient nexus between Day's alleged drug dealing and his apartment.

The search warrant is based on a June 30, 2022 affidavit by Pine County Sheriff's Office Agent Andrew Abrahamson ("Agent Abrahamson"). Ex. List [Docket No. 114] at Gov't Ex. 2. The affidavit states in relevant part that for several years, law enforcement had been investigating Day and a family member for drug and firearms trafficking. Id. at 2. A confidential informant told Agent Abrahamson in May 2021 that the informant had known Day for a long time, that Day was supplying different areas of Minnesota with methamphetamine and heroin, and that the informant and had purchased methamphetamine and heroin from Day in the metro area. Id. at 3.

Law enforcement officers conducting surveillance of Day determined that he had been living with his wife in a St. Cloud apartment for the six-month period before the June 30, 2022 warrant application. Id. at 9. The affidavit describes multiple instances of drug trafficking by Day during this period.

Specifically, on April 6, 2022, officers followed Day as he drove his car in Minneapolis and observed him park in front of an apartment building, meet with an unknown male outside of Day's car, receive a small backpack from the male, and hand the male a plastic baggie containing a white substance the size of two golf balls. Id. at 5.

In June 2022, a confidential informant told Agent Abrahamson that during the past nine months, the informant had been purchasing large amounts of fentanyl from Day in the St. Cloud

2

area and the Minneapolis, Minnesota area.  Id. at  7.  The confidential informant agreed to participate in a controlled buy from Day at a prearranged location in St. Cloud on June 22, 2022.  Id. at 8.  On the day of the controlled buy, officers surveilling Day's residence observed him walk out of his St. Cloud apartment and drive directly to the buy location.  Id.  The confidential informant got into Day's car and conducted the transaction.  Id.  After the transaction, the informant produced a plastic bag containing hard white chunks of a substance that ultimately tested positive for fentanyl.  Id.

On June 28, 2022, the same confidential informant participated in a controlled buy with Day in Minneapolis, where Day got into the passenger seat of the confidential informant's car and provided the informant with a plastic bag containing hard white chunks of suspected fentanyl.  Id. at 8-9.

Based on these and other allegations in the affidavit, a Stearns County District Judge issued the search warrant for Day's apartment on June 30, 2022.  Id. at 14.  Law enforcement executed the warrant on July 6, 2022, and seized over $1,400 in cash from a safe in Day's bedroom, 47 white pills from the safe, $548 in cash from a purse in the bedroom closet, and a bag of broken pills from the closet.  Id. at 15.

Day moves to exclude evidence obtained from the search of his apartment, arguing that the search warrant lacked probable cause to believe that contraband or evidence of a crime would be found there.  The R&R recommends that the motion be denied.  In the R&R, Judge Foster concluded that the controlled buy on June 22, 2022 established a sufficient nexus between Day's alleged drug dealing and his apartment, because Day went directly from his residence to the buy location to sell fentanyl to the confidential informant.  R&R at 5.  Judge Foster further determined that even if the search warrant were not supported by probable cause, the "good

faith" exception recognized in United States v. Leon, 468 U.S. 897 (1984) would apply because it was objectively reasonable for the issuing judge and the law enforcement officers to "logically infer that a drug dealer would store contraband at his residence." Id. (quoting United States v. Norey, 31 F.4th 631, 637 (8th Cir. 2022)).  Day has filed an Objection to the R&R.

### III.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Day objects to the R&R's conclusion that the search warrant affidavit established a nexus between Day's drug trafficking and his apartment.  Day argues that the affidavit does not allege that Day had controlled substances in his apartment, or that drug traffickers typically store drugs in their home.  Day also argues that the good-faith exception does not apply because any belief that the warrant affidavit established a nexus to Day's apartment would be unreasonable.

After a de novo review, the Court agrees with the conclusion in the R&R that the circumstances described in the affidavit, including the June 22, 2022 controlled buy in which Day left his apartment and drove directly to the St. Cloud buy location, as well as Day's continuous course of drug dealing, establish a sufficient nexus between Day's drug trafficking and his apartment.

The Court also agrees with the R&R's conclusion that even if probable cause were lacking, the Leon good-faith exception to the exclusionary rule applies.  Under the good-faith exception, "evidence obtained under the authority of a facially valid search warrant will not be

4

suppressed if the executing officers acted in objective good faith on the magistrate [judge]'s determination of probable cause, even if probable cause is later found to be lacking." United States v. Koons, 300 F.3d 985, 992 (8th Cir. 2002) (citing Leon, 468 U.S. at 922).

As recognized in the R&R, the good-faith exception applies even if there is no direct connection between Day's continuous course of drug trafficking and his residence, because "an officer and an issuing judge may 'logically infer that a drug dealer would store contraband at his residence.'" Norey, 31 F.4th at 637 (quoting United States v. Mayweather, 993 F.3d 1035, 1041 (8th Cir. 2021)); see also United States v. Carpenter, 341 F.3d 666, 671-72 (8th Cir. 2003) (concluding it was not "entirely unreasonable" for officer to believe affidavit had adequate probable cause because "it is logical to infer that someone in possession of valuable contraband would store that contraband in a safe, accessible location such as his or her residence").

Here, the totality of the circumstances establish that Agent Abrahamson had an objectively reasonable belief in the existence of probable cause. First, there is no evidence that Agent Abrahamson acted in bad faith. Second, the issuing judge found that the affidavit provided probable cause to search for evidence at the St. Cloud apartment. See Leon, 468 U.S. at 922 ("[A] warrant issued by a magistrate normally suffices to establish that a law enforcement has acted in good faith in conducting the search.") (quotations omitted). Finally, the affidavit established that Day was engaging in a continuous course of drug dealing and that he lived at the St. Cloud apartment, which allowed Agent Abrahamson and the issuing judge to logically infer that Day would be storing drugs at the apartment. See Norey, 31 F.4th at 637 (finding good-faith exception applied because "the evidence established Norey's continuous course of drug dealing and his residence at the Montclair Street address," and the officer and issuing judge "could have

5

logically inferred that he stored contraband at that residence") (quotation marks and alterations omitted).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dylan Adrian Day's Objection [Docket No. 135] to Magistrate Judge Dulce J. Foster's November 6, 2023 Report and Recommendation is **OVERRULED;**

2. The Report and Recommendation [Docket No. 131] is **ADOPTED**; and

3. Day's Motion for Suppression of Evidence [Docket No. 88] is **DENIED.**

BY THE COURT:

Dated:  January 3, 2024

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE